UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURVER LUXEMBOURG, SARL,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **HOME EXPRESSIONS INC.,** <br><br> **Defendant.** | Civ. No. 2:17-cv-4079-KM-JBC <br><br> **OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Curver Luxembourg, SARL ("Curver") is the owner of a design patent, No. D677,946 ("the '946 Patent"), which claims an overlapping "Y" design. Curver alleges that Home Expressions Inc. ("Home Expressions") makes and sells a basket that incorporates this design and therefore infringes the '946 Patent. In an opinion filed on January 8, 2018, I stated my reasons for granting defendant Home Expressions' motion to dismiss the Complaint. ("Op." ECF no. 17). Now before the Court is Curver's motion (ECF no. 19) for reconsideration of that decision. For the reasons stated herein, the motion is denied.

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v.*

*New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Curver argues that I should reconsider my decision because "neither party briefed the issue of prosecution history estoppel, which has resulted in a manifest error of law." True, I discussed whether Curver had surrendered part of the scope of its claim (or failed to claim at all) with regard to items other than chairs. I concluded that Curver had purposely narrowed the scope of its claims in order to induce the examiner to allow the patent. That holding I still believe to be correct, and it is also but one of two alternative holdings. Having reached that conclusion, I conceded the issue *arguendo* and construed the patent itself: "Nevertheless, to remove doubt, I will for purposes of argument concede the issue of prosecution history estoppel and construe the scope of the patent directly." (Op. 14)

In the alternative, I concluded that this design patent did not, as a matter of claim construction, extend to other articles of manufacture. (Op. 14–15 (citing *P.S. Products, Inc. v. Activision Blizzard, Inc.*, 140 F. Supp. 3d 795, 801-03 (E.D. Ark. 2014); *Kellman v. Coca-Cola Co.*, 280 F. Supp. 2d 670, 679-80 (E.D. Mich. 2003); *Vigil v. Walt Disney Co.*, C-97-4147, 1998 U.S. Dist. LEXIS 22853, at *9-10 (N.D. Cal. Dec. 1, 1998).) So even assuming that Curver intended to claim coverage of other articles of manufacture, "what Curver got, as opposed to what it asked for, was a patent that protects against infringement for a particular "Y" design on chairs only." (Op. 15)

Curver, as before, argues that a design patent, as a matter of law, should be deemed to extend to other items of manufacture. This is not a new argument. Curver merely asks the court "to rethink what it had already

thought through—rightly or wrongly." *Oritani Savings & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Curver has one new argument. It now cites case which, in its view, hold that a design on one article of manufacture anticipated a design on another. Because anticipation and infringement are equivalent, it says, those cases imply that design patents apply to all articles of manufacture, and this court's construction of this patent must therefore have been incorrect. A reconsideration motion is not the place for such new arguments, which I will not consider.[1]

## CONCLUSION

For the foregoing reasons, I deny Curver's motion for reconsideration. (ECF no. 19) An appropriate order accompanies this opinion.

Dated: July 6, 2018

**KEVIN MCNULTY**
**United States District Judge**

---

[1] The argument is weak in any event; Curver reads too much into the cases when it finds an implied holding that design patents extend to all items of manufacture.

Curver cites *Application of Glavas*, 230 F.2d 447 (C.C.P.A. 1956), which involved an obviousness challenge to a design patent for an inflatable swimmer's float. A design, the court said, might be suggested by prior art that disclosed an article of substantially the same appearance, but the court did not open the door to the kind of universal coverage suggested here. *Glavas* stated, for example, that while a prior patented design on a pillow might naturally render the float's design obvious, the same did *not* hold true for prior designs on a bottle, a razor blade sharpener, or a bar of soap, because those designs did not suggest application of the design to a float.

Curver also cites *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F. 3d 1233 (Fed. Cir. 2009). There, the Court abandoned the "point of novelty" test and confirmed that the "ordinary observer" test is appropriate for a claim of anticipation, just as it is for a claim of obviousness. The case itself, however, involved comparisons of insole designs for footwear. It does not suggest that a court must construe a patented design to cover all articles of manufacture. At any rate, I did apply the "ordinary observer" test to the uncontested documents and depictions of the design. Curver's indirect argument from *Int'l Seaway* does not suggest that there was a manifest injustice or clear error of law here.